UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHANE H.,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security,

Defendant.

Case No.:  19-cv-1435-RSH-KSC

**ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b)**

[ECF No. 32]

Pending before the Court is a motion for attorneys' fees pursuant to 42 U.S.C. § 406(b), filed by Plaintiff's counsel. ECF No. 32. As set forth below, the Court grants the motion.

## I.    BACKGROUND

On July 30, 2019, Plaintiff filed this action seeking judicial review of the Commissioner's denial of his application for disability insurance benefits. ECF No. 1. After Plaintiff's filing of his merits brief, the Parties jointly stipulated to a remand pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 18. On April 28, 2020, the Court granted the joint motion and remanded the case. ECF No. 19. Thereafter, on further joint motion of the Parties, the Court entered an award of attorneys' fees pursuant to the Equal Access to

1

Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $7,532.67. ECF No. 23.

On remand, the proceedings resulted in a further decision to Plaintiff, for which Plaintiff sought judicial review by filing a new federal lawsuit on January 25, 2023, *Husted v. Kijakazi*, No. 23-cv-141-WQH-JLB (S.D. Cal.). In that case, the Parties ultimately filed another joint motion to remand, which the Court granted on May 18, 2023. 23cv141, ECF Nos. 13; 14. On August 8, 2023, the Court awarded additional attorneys' fees in the new lawsuit under the EAJA in the amount of $3,107.58. 23cv141, ECF No. 17.

On remand for a second time, the Commissioner on September 23, 2025 ruled in Plaintiff's favor and awarded past-due benefits in the amount of $253,232. ECF No. 24-1 at 4. The Commissioner withheld 25% of that amount, or $63,308, as potentially payable to Plaintiff's attorneys. *Id.* On October 3, 2025, Plaintiff filed his first motion for attorneys' fees under 42 U.S.C. § 406(b). ECF No. 24. Plaintiff sought an award of fees in the amount withheld, with an offset for the $10,640.25 in EAJA fees previously awarded, for a net payment by the Social Security Administration in the amount of $52,667.75. *Id.* at 2–3. On November 21, 2025, the Commissioner filed a response, stating that he has no direct financial stake in the outcome of the motion and "neither supports nor opposes" the request. ECF No. 30 at 2. Plaintiff was provided notice of the request for fees made by his attorneys in his name, ECF No. 24 at 5, and has not opposed the request. *See* Docket. On December 22, 2025, the Court granted the motion. ECF No. 31.

On January 10, 2026, Plaintiff filed his present motion for attorneys' fees under 42 U.S.C. § 406(b). ECF No. 32. The motion seeks a further award of fees to Plaintiff's counsel based on the Social Security Administration's *separate* award of benefits to Plaintiff's auxiliary beneficiary.[1] *Id.* at 2. The total amount of past due benefits that SSA

---

[1] This notice of award is undated, but provides for an award of benefits to Plaintiff's auxiliary beneficiary for a period ending in December 2025. ECF No. 32-1 at 2. Plaintiff's counsel represents that SSA did not send counsel a copy of this notice of award, as reflected in the addressee line of notice itself; and that Plaintiff's counsel first received the notice on

owed to the auxiliary beneficiary was $88,937; SSA has sent a check to the auxiliary beneficiary for 75% of this amount, and withheld the remaining 25%, of $22,234.25, for possible payment of attorneys' fees. *Id.* at 2; ECF No. 32-1 at 2. It is this amount of $22,234.25 that Plaintiff's counsel seeks to recover in the present motion. As before, the Commissioner takes no position on the motion, and Plaintiff himself has been provided notice and has not opposed. *See* ECF Nos. 33, 34.

## II.    LEGAL STANDARD

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment …." 42 U.S.C. § 406(b)(1)(A). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). "[A] district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793, 808). The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at 1151. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.*

An attorney's fee award under § 406(b) is paid out of the claimant's successful recovery. *Gisbrecht*, 535 U.S. at 802. A court may award fees under § 406(b) to an attorney who previously received fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C.

---

or about January 8, 2026, from administrative counsel. ECF No. 32 at 2; ECF No. 32-1 at 1.

§ 2412. *Parrish v. Comm'r of SSA*, 698 F.3d 1215, 1218 (9th Cir. 2012). However, in order to "maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys," a lawyer is required to "offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.'" *Id.* (citing *Gisbrecht*, 535 U.S. at 796).

## III.   ANALYSIS

First, the Court determines that the contingent-fee arrangement in this case, ECF No. 32-2, which provides that Counsel will receive 25% of past-due benefits awarded after a favorable decision, is within the statutory limit. *See* 42 U.S.C. § 406(b)(1)(A); *Crawford*, 586 F.3d at 1147.[2] Counsel entered into this agreement despite the risk of receiving little or no recovery in the event of an unfavorable outcome. There is no evidence here of "fraud or overreaching" in connection with the negotiation of the agreement. *See Astrue*, 586 F.3d at 1145. Plaintiff was given the opportunity to oppose the fee motion but did not do so.

Second, the Court determines that the requested fees are reasonable. There is no evidence in the record of substandard representation or undue delay caused by counsel. Counsel has provided time records reflecting 49.5 hours spent on Plaintiff's case at the district court level. ECF No. 32-3 at 3, 6. The requested fees of $22,234.25, combined with the $63,308 in fees previously awarded, amount to a total hourly rate of $1,728. Although this hourly rate is high, the work was performed on a contingent-fee arrangement, and secured favorable awards. *See Truett v. Berryhill*, No. 13-cv-2742-W (BLM), 2017 WL 3783892, at *2 (S.D. Cal. Aug. 31, 2017) (approving a de facto hourly rate of $1,788.62). The Court concludes that the award would not be disproportionate or result in a windfall, and declines to adjust the award downward.

//

---

[2]   The agreement also confirms Plaintiff's "understanding that Title II past due benefits are the total amount to which I (and any auxiliary beneficiaries) become entitled[.]" ECF No. 32-2 at 1.

19-cv-1435-RSH-KSC

## IV.    CONCLUSION

For the foregoing reasons, the motion for fees [ECF No. 24] with respect to the award to Plaintiff's auxiliary beneficiary is **GRANTED**. Plaintiff's counsel is awarded $22,234.25. The Commissioner is directed to remit the payment of directly to counsel at the following address: Chermol & Fishman LLC, 11450 Bustleton Ave., Philadelphia, PA 19116. Because SSA's payment centers require the name of a single attorney, such payment shall be directed to attorney David F. Chermol.

**IT IS SO ORDERED.**

Dated: February 3, 2026

*Robert S Huie*
_____
Hon. Robert S. Huie
United States District Judge

19-cv-1435-RSH-KSC